THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and PIPE FITTING COUNCIL OF GREATER CHICAGO, <br><br>        Plaintiffs, <br><br>        vs. <br><br>DELTA HEATING & AIR-CONDITIONING, INC., an Illinois Corporation, <br><br>        Defendant. | CIVIL ACTION <br><br> NO.: 19-CV-2029 <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

## COMPLAINT

Now come Plaintiffs, the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant DELTA HEATING & AIR-CONDITIONING, INC. ("DELTA") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL

1

597, the PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN and the PIPE FITTERS' TRAINING FUND, LOCAL 597 (collectively "TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A., ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is an industry improvement fund administered in Burr Ridge, Illinois.

5. The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is administered in Chicago, Illinois.

6. The UNION is the bargaining representative of Defendant DELTA's bargaining unit employees.

7. The Defendant DELTA is an Illinois Corporation with its principal place of business located in Elk Grove, Illinois.

## COUNT I
## BREACH OF THE AREA AGREEMENT

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. DELTA is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Area

2

Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as **Exhibit 1**); (A copy of the Area Agreement is attached as **Exhibit 2**).

10. Through the agreements referred to in Paragraph 9, DELTA also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

11. Pursuant to the provisions of the Area Agreement and the Trust Agreements, DELTA is required to make monthly reports of hours worked by its employees in the Trade and Geographic Jurisdictions of the UNION as defined in the Area Agreement and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Area Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

12. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Area Agreement and Trust Agreements, employers who fail to remit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

13. Pursuant to the provisions of the Area Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND and the PFCGC on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs

of maintaining suit.

14. Pursuant to the Area Agreement, DELTA is required to deduct union dues from its employees' paychecks and remit payment of those dues to the UNION.

15. A recently completed payroll compliance audit report for the period of March 1, 2015 through August 31, 2018 revealed that DELTA owes the aggregate amount of $190,449.40 in unpaid contributions and union dues to the TRUST FUNDS, INDUSTRY FUND, PFCGC and UNION.

16. As a result of DELTA's failure to pay its contributions and union dues in a timely manner for the period of March 1, 2015 through August 31, 2018, Defendant DELTA owes liquidated damages in the aggregate amount of $18,487.76 and interest the aggregate amount of $17,369.83 to the Plaintiffs.

17. Defendant DELTA has a continuing obligation to contribute to the TRUST FUNDS, INDUSTRY FUND, and the PFCGC and to pay union dues deducted from its employees' wages to the UNION. Therefore, additional amounts may be owed by DELTA which the Plaintiffs also seek to include in damages for any judgment.

18. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from DELTA.

19. Plaintiffs have complied with all conditions precedent in bringing this suit.

20. Defendant DELTA is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant DELTA in the

aggregate amount of $190,449.40 for unpaid contributions and union dues as revealed by the payroll compliance audit for the period of March 1, 2015 through August 31, 2018;

B. That Judgment be entered in favor of Plaintiffs and against Defendant DELTA in the aggregate amount of $18,487.76 for liquidated damages;

C. That Judgment be entered in favor of Plaintiffs and against Defendant DELTA in the aggregate amount of $17,369.83 for interest;

D. That Defendant DELTA be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant DELTA's costs, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PIPE FITTERS' RETIREMENT FUND, LOCAL 597,** *et al.*

By: /s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys

Lucas J. Habeeb
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
habeeb@johnsonkrol.com

5